**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

SOLLOG IMMANUEL ADONAI-ADONI, :
                               :    Civil Action No. 07-5484 (MLC)
            Plaintiff,         :
                               :
      v.                       :    **O P I N I O N**
                               :
CITY OF PHILADELPHIA, et al.,  :
                               :
            Defendants.        :
_____:

**APPEARANCES:**

SOLLOG IMMANUEL ADONAI-ADONI, Plaintiff pro se, # 684439
5645 Coral Ridge Drive, #216, Coral Springs, Florida 33076

ARMANDO BRIGANDI, ESQ.
CITY OF PHILADELPHIA LAW DEPARTMENT
1515 Arch Street, 14th Fl., Philadelphia, PA 19103
Counsel for Defendants, City of Philadelphia,
PPS-Philadelphia Prison Systems, Leon King, II,
Major Osie Butler, Warden Clyde Gainey, & Lt. P. Howard

ALAN S. GOLD, ESQ.
GOLD & ROBINS
261 Old York Road, Suite 526, Jenkintown, PA 19046
Counsel for Defendants, Prison Health Services, and Dr. Caulk

THOMAS P. WAGNER, ESQ. and THOMAS J. MCKENZIE, ESQ.
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
1845 Walnut Street, 21st Fl., Philadelphia, PA 19103
Counsel for Defendants, Aramark, Inc., and Joseph Neubauer

**COOPER, District Judge, Sitting by Designation**

This matter is before the Court on Plaintiff Sollog Immanuel Adonai-Adoni's motions for summary judgment (docket entry nos. 23, 25, 32 and 35), filed on or about April 3, 2008, April 17, 2008, May 8, 2008, and June 19, 2008, respectively, as to his Complaint filed under 42 U.S.C. § 1983, alleging that named

defendants have violated his constitutional rights. These motions are decided without oral argument. See Fed.R.Civ.P. 78(b). Plaintiff's motions for summary judgment will be denied.

## BACKGROUND

Plaintiff brings this action, pursuant to 42 U.S.C. §§ 1983, 1985 and 1986, against the following defendants: the City of Philadelphia; the PHS-Prison Health Services; Dr. Caulk; PPS-Philadelphia Prison Systems; Leon King, II, PPS Commissioner; Major Osie Butler; Warden Clyde Gainey; Lt. P. Howard; Aramark, Inc.; Joseph Neubauer, CEO of Aramark; and Phyllis Taylor, PPS Chaplain. (Compl., Caption & ¶¶ 3-13).

The allegations of the Complaint involve incidents and events occurring while Plaintiff was confined within the PPS under the name of John Ennis (PPN # 684439). (Compl., ¶ 3). Plaintiff alleges that, in November 2005, while he was confined at Curran-Fromhold Correctional Facility ("CFCF"), he received a subpoena to testify in federal court on behalf of an inmate, Mickey Miles, in a "religious right issue case." Shortly after he received the subpoena, Plaintiff was transferred to the Philadelphia Industrial Correctional Center ("PICC") within the PPS, allegedly in retaliation by certain defendants for being a witness for inmate Miles. (Compl., ¶¶ 14, 15).

Upon his transfer to PICC, Plaintiff alleges that the medications prescribed for his serious chronic illnesses, namely,

2

diabetes, hypertension, vertigo, IBS (irritable bowel syndrome) and arthritis, were cancelled for several weeks by the staff of PHS as directed by defendant, Dr. Caulk. Plaintiff further alleges that the cancellation of his medication caused him unnecessary pain and suffering. (Compl., ¶¶ 16, 17).

Plaintiff also alleges that, after his transfer to PICC, he stopped receiving his kosher meals as directed by defendant, Chaplain Taylor. Plaintiff attaches a letter from defendant, PPS Commissioner King, in response to Plaintiff's earlier requests for kosher meals. The February 2, 2006 letter states that Chaplain Phyllis Taylor had made a determination that Plaintiff did not meet the requirement of a need for a kosher diet based on sincere religious belief. The letter also states that Plaintiff was hostile and verbally abusive with the Chaplain during their interview, and that Plaintiff has written to the Chaplain in a threatening and abusive manner. (Compl., ¶¶ 21-22, Ex. 1).

Plaintiff contends that he is a "world famous religious figure and considered by thousands of members of the religious movement known as the TOH (Temple of 'Hayah) to be their spiritual leader." Plaintiff also alleges that his religious faith is "perhaps unsurpassed in the history of this planet," and "[h]is 'Prophecies' are world famous for coming to pass." Thus, Plaintiff claims that he holds very serious religious beliefs. (Compl., ¶ 24).

3

Plaintiff further alleges that the dietary needs of the TOH are found within the Torah, as well as within the Book of the TOH. The TOH has allegedly notified the defendants as to how to properly feed Plaintiff according to his Hebrew beliefs. However, the defendants have refused to provide Plaintiff with a kosher diet. (Compl., ¶¶ 25-26).

Plaintiff is given food daily that is not kosher, is not sealed, or does not contain a kosher seal recognized by any religious committee. Also, food labeled "kosher" is not actually kosher within Plaintiff's belief as a TOH member. Due to not receiving a proper kosher diet, Plaintiff claims to have lost over 50 pounds from starvation. (Compl., ¶¶ 27-29).

Plaintiff also complains that the due to the denial of his medication and a kosher diet, he suffered a serious vertigo episode on December 25, 2005, causing him to fall. He suffered a broken wrist and injury to his neck and back from the vertigo fall. Further, because the panic button in Plaintiff's cell did not work, he had no way of notifying the guard on duty about his fall, and he laid on the floor in his cell in great pain for hours until a guard on rounds later noticed Plaintiff's cellmate banging on the door for help. (Compl., ¶¶ 34-42).

Plaintiff next alleges that he has been housed in a normal cell with no handicap rails for him to use in case he has a vertigo episode. He claims that this is a violation of the American with Disabilities Act. (Compl., ¶¶ 43-44).

4

Plaintiff states that he was treated for his broken wrist at Frankford Hospital, and also spent several days in the cardiac care unit due to "serious elevation in his vital statistics" from denial of his medications for weeks. After he was released from the hospital, Plaintiff started to receive his prescribed medications again, but was denied treatment for his broken wrist and injured back and neck. However, in September 2005, Dr. Caulk again cancelled his prescribed medications for angina pectoris, hypertension and diabetes for prolonged periods of time, making his serious medical conditions even worse. (Compl., ¶¶ 45-48).

Plaintiff contends that Dr. Caulk cancelled his medications in retaliation for Plaintiff filing grievances about Dr. Caulk's unprofessional treatment of Plaintiff. (Compl., ¶ 49). Plaintiff states that he gave written notice of his complaints and grievances to all of the named defendants. (Compl., ¶¶ 58-63).

Finally, Plaintiff alleges that he has been denied proper dental care for serious dental conditions. In particular, he states that he suffered cracked teeth from a beating by prison guards, and defendants have refused him dental treatment for same. Due to this denial of dental care, Plaintiff's teeth have rotted and he has abscesses. (Compl., ¶¶ 68-70).

Plaintiff seeks compensatory and punitive damages in excess of $110 million.

On or about January 28, 2008 and February 19, 2008, Plaintiff filed an _ex parte_ motion for a temporary restraining order ("TRO") with a memorandum of law in support of his order to show cause. (Docket Entry Nos. 7 and 9). In his declaration in support of the TRO, Plaintiff alleges that named defendant, Lt. P. Howard, is now deceased, and that Plaintiff is in fear of his life and safety because PPS guards and staff have threatened him. The threats occurred after Plaintiff told the PPS guards that Lt. P. Howard would be "terminated by Friday, February 1, 2008." Lt. Howard died on January 30, 2008 from a massive heart attack. Plaintiff alleges that he had a dream or "prophecy" on January 27, 2008, that there would be a new lieutenant on his Pod by Friday, February 1, 2008. The PPS guards have been spreading rumors that Plaintiff used "voodoo" or "black magic" to kill Lt. Howard, and these rumors have resulted in threats on Plaintiff's life.[1] Plaintiff seeks a protective order against numerous PPS guards, restraining them from coming into contact with Plaintiff because they have committed prior abuses against Plaintiff.

---

[1] Plaintiff also states that the PPS guards have erased Plaintiff's original complaint that was stored on the law library network, and that Plaintiff needs to have daily access to the law library, and a word processor and copier/printer in his cell to proceed with his complaint and other actions filed in district court. He also alleges that defendants have taken religious and legal books that Plaintiff has ordered.

Plaintiff also asks that the defendants be compelled to provide him with his medications for his many serious medical conditions, as well as a kosher diet.

On March 10, 2008, defendants, City of Philadelphia, PPS, Leon King, Osie Butler, Clyde Gainey, and P. Howard, filed an Answer to the Complaint, denying for the most part all of the allegations of wrongdoing and constitutional violations. Similarly, on April 2, 2008, defendants, PHS and Dr. Caulk, filed their Answer to the Complaint denying Plaintiff's allegations of wrongdoing and constitutional violations.

On April 22 and 23, 2008, defendants, Aramark, Inc. and Joseph Neubauer, CEO of Aramark (the "Aramark defendants"), filed motions to dismiss the Complaint as against them.

There has been no discovery in this action to date.

Plaintiff thereafter filed motions for summary judgment. These motions fail to set forth dispositive facts admitted in the defendants' Answers or in the Aramark defendants' motions to dismiss. Principally, Plaintiff argues that defendants' motions to dismiss compel the court to consider all facts alleged in the Complaint as admitted. He also contends that a failure to deny an averment in a Complaint is an admission. However, Plaintiff fails to point to any particular averment that the defendants failed to deny in the Answers that would be dispositive of this action.

## DISCUSSION

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

As demonstrated above, there are genuine issues of material fact here that preclude summary judgment in Plaintiff's favor. All defendants dispute Plaintiff's allegations of wrongdoing and constitutional violations in their Answers. There has been no discovery to date that can prove the lack of any genuine issue of material fact, and Plaintiff fails to set forth any dispositive facts that have been admitted by defendants. Moreover, the Aramark defendants have filed motions to dismiss, which this Court has granted, and accordingly, summary judgment against them is moot. Therefore, Plaintiff is not entitled to summary judgment and his motions for summary relief will be denied accordingly.

## CONCLUSION

This Court concludes that Plaintiff's motions for summary judgment should be denied because he is unable to demonstrate the absence of a genuine issue of material fact as to his allegations of constitutional violations by defendants in his § 1983 Complaint. The Court will issue an appropriate Order.

                                      s/ Mary L. Cooper
                                      **MARY L. COOPER**
                                      United States District Judge
                                      United States District Court
                                      District of New Jersey
                                      Sitting by Designation

Dated: March 31, 2009

## CONCLUSION

This Court concludes that Plaintiff's motions for summary judgment should be denied because he is unable to demonstrate the absence of a genuine issue of material fact as to his allegations of constitutional violations by defendants in his § 1983 Complaint. The Court will issue an appropriate Order.

                        s/ Mary L. Cooper
                        **MARY L. COOPER**
                        United States District Judge
                        United States District Court
                        District of New Jersey
                        Sitting by Designation

Dated: March 31, 2009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

SOLLOG IMMANUEL ADONAI-ADONI, :
                               :
            Plaintiff,         :   Civil Action No. 07-5484 (MLC)
                               :
       v.                      :        O R D E R
                               :
CITY OF PHILADELPHIA, et al.,  :
                               :
            Defendants.        :

For the reasons expressed in the Court's Opinion, dated March 31, 2009,

**IT IS THEREFORE** on this   31st   day of March, 2009,

**ORDERED** that Plaintiff's motions for summary judgment (docket entry nos. 23, 25, 32 and 35) are **DENIED**.

                              s/ Mary L. Cooper
                              **MARY L. COOPER**
                              United States District Judge
                              United States District Court
                              District of New Jersey
                              Sitting by Designation