**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SOLLOG IMMANUEL ADONAI-ADONI, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> CITY OF PHILADELPHIA, et al., : <br> : <br> Defendants. : | CIVIL ACTION NO. 07-5484 (MLC) <br><br> **MEMORANDUM OPINION** |

**COOPER, District Judge, Sitting by Designation**

    The plaintiff, Sollog Immanuel Adonai-Adoni, brought this action pursuant to 42 U.S.C. § ("Section") 1983 alleging violations of his constitutional rights. (Dkt. entry no. 3, Compl. at 1.) The defendants Prison Health Services ("PHS") and Dr. Alyn Caulk ("Caulk") have moved for summary judgment in their favor. (Dkt. entry no. 63, Mot. For Summ. J.) The plaintiff opposes the motion and cross-moves to amend the Complaint and to unseal an ex parte motion for a temporary restraining order. (Dkt. entry no. 65, Pl. Br. at 1.) The Court determines the motion and cross motion on the briefs without an oral hearing, pursuant to Federal Rule of Civil Procedure ("Rule") 78(b). For the reasons stated herein, the Court will grant the motion for summary judgment and deny the cross motion.

**BACKGROUND**

    The plaintiff makes several allegations involving incidents and events occurring while he was confined within the

Philadelphia Prison System ("PPS"). (Compl. at ¶ 3.) The plaintiff alleges that in November 2005, he was transferred within PPS to the Philadelphia Industrial Correctional Center ("PICC"). (Id. at ¶ 15.) The plaintiff alleges that upon his transfer, Caulk cancelled the medications prescribed for his chronic illnesses, namely, diabetes, hypertension, vertigo, irritable bowel syndrome and arthritis. (Id. at ¶¶ 16, 17.) The plaintiff contends that the denial of his medications caused him pain, suffering, and an episode of vertigo resulting in his falling on December 25, 2005. (Id. at ¶¶ 17, 34.) The plaintiff further contends that his vertigo-related fall resulted in a broken wrist and injury to his neck and back. (Id. at ¶ 35.)

The plaintiff states that he was treated for his broken wrist at a hospital where he spent several days in the cardiac unit "due to serious elevation in his vital statistics due to not having his chronic illness medications for weeks." (Id. at ¶ 45.) The plaintiff alleges that after his release from the hospital, he was issued medications again, but received no further treatment or rehabilitation for his broken wrist and injured neck and back. (Id. at ¶ 46.) The plaintiff further contends that Caulk cancelled his prescribed medications for angina pectoris, hypertension, and diabetes in September 2005. (Id. at ¶ 47.)

The plaintiff further alleges that he was denied proper dental care for serious dental conditions. (Id. at ¶ 68.) He states that he was beaten by prison guards and suffered cracked teeth as a result. (Id.) The plaintiff alleges that the defendants refused to give him treatment for his cracked teeth. (Id.) The plaintiff asserts that as a result of this denial of dental care, his teeth have rotted and he now has abscesses. (Id. at ¶ 69.)

PHS and Caulk now move for summary judgment in their favor pursuant to Rule 56. (Mot. For Summ. J.) The plaintiff opposes the motion.

## DISCUSSION

**I. Motion for Summary Judgment**

   **A. Summary Judgment Standard**

The standard for a motion for summary judgment is well-settled and will be briefly summarized here. Rule 56(c) provides that summary judgment is proper if the pleadings, the discovery and disclosure materials, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In making this determination, the Court must "view[] the record in the light most favorable to the non-moving party and draw[] all inferences in that party's favor." United States ex rel. Josenske v. Carlisle HMA, Inc., 554 F.3d 88, 94 (3d Cir. 2009)

3

(citing Abramson v. William Patterson Coll., 260 F.3d 265, 276 (3d Cir. 2001)).

**B.   Section 1983 and the Eighth Amendment**

To state a claim under Section 1983, a plaintiff must allege: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d. Cir. 1994).

To survive a motion for summary judgment, the plaintiff must demonstrate a genuine issue of fact as to whether the defendant (1) acted under color of state law; or (2) deprived the plaintiff of a federal right.  Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995).

A plaintiff can properly allege an Eighth Amendment violation by demonstrating that the defendant was deliberately indifferent to his serious medical needs.  Erickson v. Pardus, 551 U.S. 89, 90 (2007).  The plaintiff must first demonstrate that his medical needs are serious.  Coley v. Sulayman, No. 06-3762, 2007 WL 2306726, at *2 (D.N.J. Aug. 7, 2007).  Serious medical needs are those that have been diagnosed by a physician as requiring treatment or are so obvious that a lay person would recognize the necessity for medical attention, and those conditions which, if untreated, would result in a lifelong

handicap or permanent loss.  See Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

The plaintiff must next demonstrate that the defendant acted with deliberate indifference to the serious medical need. Deliberate indifference requires more than mere negligence or lack of due care.  Farmer v. Brennan, 511 U.S. 825, 835 (1994). "Mere medical malpractice cannot give rise to a violation of the Eighth Amendment."  White v. Napoleon, 897 F.2d 103, 108 (3d Cir. 1990).  To demonstrate deliberate indifference, the plaintiff must demonstrate that the defendant was "subjectively aware of the risk" of harm to the plaintiff.  Farmer, 511 U.S. at 828. The plaintiff must allege acts or omissions that are sufficiently harmful to offend "evolving standards of decency."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The plaintiff here alleges, inter alia, that the defendants violated his Eighth Amendment rights by being deliberately indifferent to his serious medical condition by cancelling his medications and denying him proper dental care.  (Compl. at ¶¶ 75, 76.)

### C. Statute of Limitations

The moving defendants first state that the plaintiff's claim is time-barred by the statute of limitations for personal injury claims under Section 1983.  (Dkt. entry no. 63, Def. Br. at 19.) Section 1983 itself does not provide statutes of limitations. Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 78 (3d Cir. 1989).

5

"Actions brought under [Section 1983] are governed by the personal injury statute of limitations of the state in which the cause of action accrued." O'Connor v. City of Newark, 440 F.3d 125, 126 (3d Cir. 2006). In Pennsylvania, personal injury actions are subject to a two-year statute of limitations. Chester v. Beard, No. 08-1261, 2009 WL 3088810, at *3 (M.D. Pa. Sept. 28, 2009). Section 1983 actions are thus also subject to a two-year statute of limitations. Id.

The moving defendants contend that the Complaint alleges two instances of conduct amounting to Section 1983 violations. (Def. Br. at 19.) The plaintiff states that Caulk terminated his medicine in September 2005 and again in November 2005 resulting in his fall and hospitalization in December 2005. (Compl. at ¶¶ 16, 34.) The plaintiff began receiving his medications again after his release from the hospital. (Id. at ¶ 46.) The moving defendants assert that the latest date at which Caulk could have failed to provide the plaintiff with his medication was on December 25, 2005, because on December 27, 2005 the plaintiff was in the hospital. (Def. Br. at 19-20.) The plaintiff filed the Complaint on December 20, 2007. (Compl. at 17.) The moving defendants assert that all claims that occurred more than two years before the filing date are time-barred. (Def. Br. at 20.) The Court finds, however, that even if it considers claims prior to December 20, 2005, the moving defendants' actions still do not

amount to deliberate indifference to the plaintiff's serious medical needs.

### D. Plaintiff's Medical Care

The moving defendants allege that the undisputed facts show that the plaintiff did, in fact, receive medication from September 2005 until he was hospitalized. (Id. at 21.) The medical records dictate that prior to his hospitalization, the plaintiff received Glucophage for his diabetes, enteric coated aspirin, Mevacor to reduce cholesterol, antifungal cream, extra strength Tylenol, Immodium for irritable bowel syndrome, antibiotic ear drops, hydrocortisone cream, Benadryl, and sublingual nitroglycerin for chest pain. (Def. Br. at 21.) The moving defendants further allege that even if Caulk could have done more in prescribing medication, this failure to do more amounts to mere negligence only. (Id.)

In responding to the motion for summary judgment, the plaintiff alleges that the moving defendants failed to include medical records dated prior to September 2005. (Pl. Br. at 3.) The Complaint, however, alleges that the cancellations of medication occurred in September and November of 2005. (Compl. at ¶¶ 16, 17, 47.) Thus, records dated prior to September 2005 would be irrelevant. The plaintiff further alleges that the moving defendants are hiding medical records and that they altered the records that they did submit. (Dkt. entry no. 67,

7

Pl. Reply Br. at 7; Pl. Br. at 4.)  To support this assertion, the plaintiff states that the records submitted indicate that the plaintiff was seen twice by Caulk on the same day.  (Pl. Br. at 4.)  The plaintiff states that this indication is demonstrative of the fact that the moving defendants altered his medical records as PHS doctors do not see inmates twice in one day.  (Id.)  The plaintiff offers nothing to support his assertion for this alleged procedure.

The plaintiff further alleges that he suffers from a liver condition that prohibits his taking Tylenol, which was prescribed to him by Caulk.  (Id. at 6-7.)  The plaintiff, however, does not allege that Caulk knew about his liver condition and presents no evidence that he actually suffered from such condition.

The plaintiff's next allegation is that the records submitted by the moving defendants demonstrate that PHS doctors cancelled his medication for a serious heart condition, diabetes, and hypertension.  (Id. at 8.)  While Caulk did discontinue insulin for the plaintiff, he remained on Glucophage and continued to have his blood sugar monitored.  (Def. Reply Br. at 4.)  The plaintiff alleges that he "seldom got monitored."  (Pl. Br. at 12.)  The plaintiff, however, does not allege that it was Caulk who failed to monitor his blood sugar, and the moving defendants state that Caulk cannot be responsible for the failure

8

of others to follow the orders without any allegation of her personal responsibility. (Def. Reply Br. at 4.)

To further support his claims that the moving defendants were deliberately indifferent to his serious medical needs, the plaintiff attaches two letters from Dr. William Wyttenbach ("Wyttenbach"). (Pl. Br. at 45; Pl. Reply Br., Ex. 2, Wyttenbach Letter.) The plaintiff alleges that the Wyttenbach letter amounts to proof that Caulk cancelled his heart medication repeatedly. (Pl. Reply Br. at 9.) In the letter, Wyttenbach states that he has been made aware that the Chief Medical Officer of the prison has illegally stopped the plaintiff's cardiac medications, specifically necessary daily nitroglycerin. (Wyttenbach Letter.) The letter also indicates that this doctor has not viewed the plaintiff's medical records because he states that he is seeking to obtain them. (Id.) Affidavits supporting or opposing summary judgment, however, must be "made on personal knowledge." Fed.R.Civ.P. 56(e)(1). Wyttenbach lacks any personal knowledge regarding the cancellation of the plaintiff's medications.

The plaintiff further alleges that the defendants have refused to provide him with requested discovery. (Id. at 9.) The plaintiff moved to compel discovery in June of 2008. (Dkt. entry no. 38, Mot. To Compel.) The Court denied this motion in

9

March 2009 because the plaintiff failed to serve discovery requests on the defendants. (Dkt. entry no. 60, 3-31-09 Order.)

To survive a motion for summary judgment, the plaintiff must demonstrate a genuine issue of material fact. In his attempt to do so, the plaintiff has stated that the moving defendants altered and hid medical records from him. These allegations combined with the unsupported letter from Wyttenbach fail to present a genuine issue of material fact. The medical records demonstrate that the plaintiff received consistent medical attention between September and December 2005. (Def. Br., Ex. 2.) There is nothing to indicate that the moving defendants acted with deliberate indifference to the plaintiff's serious medical needs. As such, the motion will be granted.

**E. Failure to Provide Dental Care**

The plaintiff also claims that the moving defendants failed to provide him with proper dental care. (Compl. at ¶ 68.) The plaintiff fails to specify which defendant can be held responsible for this failure. The plaintiff did not name any of the dentists who allegedly failed to provide him with proper dental care. In his brief, the plaintiff alleges that PHS should be held liable for this failure. (Pl. Br. at 13.) PHS, however, cannot be held vicariously liable for the actions of its employees. Thomas v. Corr. Med. Servs., No. 04-3358, 2009 WL 737105, at *9 (D.N.J. Mar. 17, 2009) PHS can be found liable if

10

the plaintiff can "provide evidence that there was a relevant PHS policy or custom, and that the policy caused the constitutional violation [he] allege[s]." Natale v. Camden County Corr. Facility, 318 F.3d 575, 584 (3d Cir. 2003) (concerning action wherein PHS was named as a defendant). The plaintiff alleges that PHS implemented a policy to not treat teeth but only to pull them. (Pl. Br. at 14.) The plaintiff offers no evidence of the existence of such a policy, other than an allegation that dentists within PHS have informed him that PHS prohibits treating teeth. (Pl. Reply Br. at 10.)

The plaintiff has failed to present a genuine issue of material fact regarding the implementation of a policy or custom by PHS prohibiting the treatment of teeth. The plaintiff's unsupported assertion that PHS had such a policy is insufficient to withstand the motion for summary judgment on this point.

**II. Plaintiff's Cross Motion to Amend the Complaint and Unseal the Ex Parte Motion for a Temporary Restraining Order**

The plaintiff also seeks to amend the Complaint and unseal an ex parte motion for a temporary restraining order. (Pl. Br. at 1, 18.) The plaintiff states that the Complaint mistakenly alleged the cancellation of medication in September 2005. (Id. at 2.) The plaintiff states that the actual date of the second cancellation was September 2007. (Id.) The plaintiff further states that he filed a motion to amend the Complaint under seal on January 28, 2008. (Id.) The motion that the plaintiff refers

11

to is listed as an ex parte motion for a temporary restraining order. (Dkt. entry no. 7.) The plaintiff alleges that this motion included a motion to amend the Complaint, additional criminal abuse allegations against Caulk, and the affidavits of individuals regarding Caulk's treatment of the plaintiff. (Pl. Br. at 2-3.) The plaintiff asserts that this motion was not ruled upon by the Court. (Id. at 2.) In further support of the cross motion, the plaintiff alleges that the sealed motion includes allegations of major civil rights violations and lists additional new defendants. The plaintiff also seeks to amend the Complaint to add the names of the dentists who allegedly denied him proper dental care. (Pl. Reply Br. at 10.)

The Court will deny the cross motion as untimely. While leave to amend a pleading "shall be freely given when justice so requires," the Court declines to grant such leave in this instance. See Fed.R.Civ.P. 15(a). The plaintiff originally filed his claim in December 2007. He further filed the motion under seal in January 2008, and it was denied by the Court on March 31, 2009. (Dkt. entry no. 58, 3-31-09 Order.) The current motion for summary judgment was filed in August 2009. The plaintiff has had sufficient time since his filing to "remedy any deficiencies in the complaint." Harris v. Watner, No. 94-1059, 1995 WL 30601, at *1 (E.D. Pa. Jan. 12, 1995) ("The Court will not allow plaintiff's failure to keep track of what he alleged in

his complaint to disrupt the orderly progression of the case at this late date."). As the Court is denying the part of the cross motion seeking to amend the Complaint, it will also deny the part of the cross-motion seeking to unseal the earlier motion as it is moot.

## CONCLUSION

The Court, for the reasons stated <u>supra</u>, will grant the defendants' motion and deny the plaintiff's cross motion. The Court will issue an appropriate order and judgment.

        s/Mary L. Cooper
       **MARY L. COOPER**
       United States District Judge
       District of New Jersey
       Sitting by Designation

Dated:    November 18, 2009